IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEREMY G. MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 24-11 (JLH) |
| MONSANTO COMPANY, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

Pending before the Court is Defendant Monsanto Company's Motion to Dismiss the Complaint for failure to state a claim. (D.I. 12.) For the reasons stated below, the motion is GRANTED.

1. On January 5, 2024, Plaintiff Jeremy G. Miller, of Clarksdale, Mississippi, filed his complaint *pro se*. (D.I. 2.) According to the Complaint, Plaintiff worked at Pioneer Hi-Bred International Inc. ("Pioneer Hi-Bred") in Plymouth, Indiana, in 2011. (*Id.* ¶¶ 106–07; *see also* D.I. 15 at 8 (Plaintiff's acknowledgment that his "last day working" at Pioneer Hi-Bred was November 14, 2011).) Plaintiff alleges he was exposed to glyphosate-containing Roundup®-branded herbicides during his employment and was then diagnosed with testicular cancer in November 2012. (D.I. 2 ¶¶ 107–08.) The Complaint sets forth four "cause[s] of action": "negligence"; "strict products liability – design defect"; "strict products liability – failure to warn"; and "breach of implied warranties." (*Id.* at 21–33.) The parties do not dispute that "Plaintiff previously filed essentially this same suit in the Northern District of Mississippi on June 23, 2022," but the presiding "court dismissed the case for lack of personal jurisdiction." (D.I. 13 at 6.)

2. A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3. Defendant argues that the Complaint should be dismissed because Plaintiff's claims are untimely. Because I agree that Plaintiff's claims are all barred by the statute of repose in the Indiana Products Liability Act, I do not address Defendant's other arguments.

4. Because this Court sits in diversity, it applies Delaware choice of law rules. Delaware follows the "most significant relationship" test of the Restatement (Second) of Conflict of Laws. *Travelers Indem. Co. v. Lake*, 594 A.2d 38, 47 (Del. 1991). Here, the most significant relationship is with Indiana.

5.  All of Plaintiff's claims are based on allegations that he sustained personal injuries due to a defective product. Accordingly, they are all governed by the Indiana Products Liability Act ("IPLA"). *Hathaway v. Cintas Corp. Servs., Inc.*, 903 F. Supp. 2d 669, 673 (N.D. Ind. 2012) (explaining that the IPLA "governs all actions brought by a user or consumer against a manufacturer or seller for physical harm caused by a product, regardless of the legal theory upon which the action is brought"); *see also* Ind. Code § 34-20-1-1. The IPLA has a 10-year statute of repose, Ind. Code § 34-20-3-1(b)(2), which is a substantive part of Indiana law. It provides that "a product liability action must be commenced . . . within ten (10) years after the delivery of the product to the initial user or consumer." Ind. Code § 34-20-3-1(b)(2). The IPLA statute of repose is not subject to tolling under any theory. *Cortez v. Cook Inc.*, 27 F.4th 563, 567 (7th Cir. 2022).

6.  Plaintiff contends that he was last exposed to Roundup® products in November 2011. (D.I. 2 ¶¶ 106–07; D.I. 15 at 8.) Therefore, the Roundup® products at issue must have been delivered to the initial user or consumer no later than November 2011. Plaintiff did not file his original action until June 2022—more than 10 years after the latest possible delivery date of the products. Accordingly, Plaintiff's claims are barred by the IPLA's ten-year statute of repose and must be dismissed.

7.  For the above reasons, Defendant Monsanto Company's Motion to Dismiss (D.I. 12) is **GRANTED**. The Complaint (D.I. 2) is **DISMISSED**. Amendment is futile. The Clerk of Court is directed to **CLOSE** this case.

Dated: September 10, 2025

_____
The Honorable Jennifer L. Hall
United States District Judge